# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**REPORT AND RECOMMENDATION**
03-CR-6142

JOHN CRUZ,

      Defendant.

## Preliminary Statement

Pending before the Court is the defendant Cruz's motion for dismissal of the indictment. (Docket #239). By Order of Judge David G. Larimer, dated September 30, 2003, all pretrial motions have been referred to this Court pursuant to 28 U.S.C. §636(b)(1)(A)-(B). (Docket #3).

## Relevant Facts

The issue presented is whether the Marshal Service's practice of requiring all persons entering the Federal Building to produce and display identification with their photograph on it as a condition of entering the courthouse violates the defendant's constitutional right to a public trial or his right to the effective assistance of counsel.

Defense counsel presented this issue to the Court as it was about to resume an evidentiary hearing being conducted pursuant to the defendant's motion to suppress evidence. Because they were

unable to produce photo-identification cards, defense counsel informed the Court that several members of his law office, including an investigator, and several members of the defendant's family were denied access to the courthouse to attend the suppression hearing. The Court then advised defense counsel that in order to avoid delaying the suppression hearing the Court would be willing to instruct the Marshal to admit those individuals excluded from attending the hearing, notwithstanding their failure to present photo-identification, but defense counsel declined the Court's offer. Defense counsel and the defendant insisted that the suppression hearing not go forward until the motion to dismiss had been determined, even if that meant delaying the hearing so as to allow briefing and oral argument.

The parties filed legal briefs and a hearing on the motion to dismiss was held on July 22, 2005. Prior to the hearing, the defendant served a subpoena on the Marshal for the Western District of New York to testify at the hearing and to produce documents pertaining to the implementation of the identification policy. The government moved to quash the subpoenas (Docket #245) and defendant moved to compel their compliance (Docket #247). Attached to the government's motion papers were two exhibits: (1) a copy of United States Marshal Advisory 04-001 and (2) a transcript of Marshal Peter Lawrence's April 2003 testimony in the case of United States v. Wendell Smith, 02-CR-6066 (W.D.N.Y.). Advisory 04-110 was

2

issued by United States Marshal Director Benigno G. Reyna on January 9, 2004 and <u>lowered</u> the security levels at United States Courthouses to "Level 3." Level three, nevertheless, still required "100 Percent ID Check." The testimony of Marshal Lawrence was given in April 2003 before Judge Siragusa, who was presiding over the criminal trial of Wendell Smith. Smith, who was represented by the same counsel as now represents Cruz, had also objected to the photo-identification requirement as resulting in an unconstitutional policy which denied him his right to a public trial. After considering the arguments of counsel and hearing the testimony of Marshal Lawrence, Judge Siragusa rejected Smith's contention that the photo-identification requirement improperly impinges on any individual's right to attend court proceedings or amounts to a closure of the courtroom. Defense counsel preserved the issue and the matter was argued before the Second Circuit Court of Appeals. Defense counsel was awaiting that decision when he brought this motion before the Court.

Based on the foregoing, and more particularly on the fact that (1) the existence and implementation of the photo-identification policy was not in dispute and (2) Marshal Lawrence had previously testified before Judge Siragusa as to how the policy is implemented in our courthouse, the Court agreed with the government and determined that requiring the Marshal to testify in the instant proceeding was unnecessary because his testimony would not alter

the legal issue presented. Accordingly, the Court granted the government's motion to quash, denied defendant's motion to compel compliance, but allowed defense counsel to present other evidence and argue the law in support of his application.[1]

### Discussion

On October 17, 2005 the Second Circuit issued its opinion in the Wendell Smith matter. See <u>United States v. Wendell Smith</u>, __ F.3d __, 2005 WL 2626209 (2d Cir. Oct. 17, 2005). After reviewing the <u>Smith</u> decision, I find it controlling here. In <u>Smith</u>, the Second Circuit found implementation of the photo-identification component of Marshal Advisory 04-110 at the Rochester Federal Building did implicate the defendant's Sixth Amendment right to a public trial because it amounted to a partial closure of the courtroom. The Court assumed that a percentage of the public lacks photo identification and that the requirement to show such identification at the door of the federal building would "implicate the values that the Sixth Amendment's public trial guarantee aims to protect." <u>Id.</u> at *4.

---

[1] At the hearing, defense counsel argued that he had also subpoenaed three other witnesses to testify that day, but because they did not present photo identification, they were denied entry into the Federal Building. However, defense counsel conceded that upon presenting their subpoenas, his witnesses were permitted to enter the building. Prior to the hearing, the Court had instructed the Marshal's Office to allow anyone who was subpoenaed to the hearing to enter the courthouse, regardless of whether they possessed a photo ID, if defense counsel confirmed their identity.

Having found the photo ID requirement to amount to a partial closure of the courtroom, the Court applied the four-part test enunciated in Waller v. Georgia, 467 U.S. 39 (1984) to determine whether the partial closure deprived the defendant of his Sixth Amendment right to a public trial. Under Waller, a courtroom closure does not violate the Sixth Amendment if: [1] closing the proceeding advances an overriding interest that is likely to be prejudiced, [2] the closure must be no broader than necessary to protect that interest, [3] the judge considers reasonable alternatives to closing the proceeding, and [4] the judge makes findings adequate to support the closure. Waller, 467 U.S. at 48. While agreeing with the defendant that the Waller test applied, the Court in Smith rejected the defendant's contention, identical to the contention Cruz makes here, that the photo-ID policy violated the Waller test.

Because the partial closing at issue was quite narrow ("only those individuals who were unwilling or unable to show photo identification were allegedly excluded") the Court determined that the burden of satisfying the initial Waller prong was relatively "undemanding." Id. at *5. In finding the first prong satisfied, the Court adopted the "common sense conclusion" that someone who is forced to identify himself by showing a photo-ID is less likely to pose a threat to courthouse security than someone who is allowed to walk in the courthouse without any identification. Id. In finding

5

the second prong satisfied, the Court determined that the restriction on access to court proceedings was not any "broader than necessary to advance the security interest at stake." Id.

As to the third prong, the Court stated that once a limited closure is deemed warranted, "it is the obligation of the party opposing the closure to suggest possible alternatives." Id. Because the defendant did not suggest alternative ways of achieving courthouse security, the Second Circuit held that the district court had no obligation to consider alternatives sua sponte. Id. Finally, with respect to the fourth Waller prong which requires that the judge make findings to support the closure, the Court in Smith determined that generalized concern over terrorism was sufficient to support the closure without more particularized findings. "Given the limited nature of the closure of Smith's trial, we conclude that the district court's findings that after September 11th the Marshals Service and DHS [Department of Homeland Security] had adopted heightened security measures, and that levels 3 and 4 required showing photo identification, fulfilled the requirements of the fourth prong." Id. at *6.

The Smith decision is determinative of Cruz's motion to dismiss. The partial closure policy at issue in Smith is the same policy at issue here and the Second Circuit's analysis as to all four of the Waller factors applies with equal force to Cruz's Sixth Amendment rights. Indeed, the protections and accommodations this

6

Court offered Cruz and his counsel go beyond those set forth in Smith and are fully consistent with the Second Circuit's admonition in Smith that the Court, and not the Marshal, have final authority over access to court proceedings. As the record makes clear, when Cruz's attorney first brought the photo ID issue to my attention as I was set to resume the suppression hearing, I informed both counsel that I considered the courtroom access issue to be a serious one and specifically offered to direct the Marshal to let Cruz's family and counsel's staff be admitted to the suppression hearing without having to produce photo identification. Counsel declined the Court's proposal, preferring to preserve and litigate the merits of the motion to dismiss. While the Smith decision addresses the merits of Cruz's Sixth Amendment arguments, this Court remains concerned that Cruz's family members and members of defense counsel's staff have access to the suppression hearing proceedings and remains willing to discuss accommodating those persons who lack photo-identifications, but want to attend Cruz's court proceedings.[2]

---

[2] As I expressed during the hearing, I remain amenable to accommodating those individuals who truly lack any form of acceptable photo identification or those who genuinely forgot to bring their identification with them to court. However, and particularly in light of Smith, I am less willing to accommodate those individuals who have proper identification but who (1) refuse to produce it upon entry or (2) deliberately choose or are instructed not to bring their identification to court in order "protest" the policy now ratified by the Second Circuit in Smith. If defense counsel is aware of family members or legal staff who truly lack proper photo ID, counsel should contact this Court in advance of the continuation of the Cruz suppression hearing to discuss possible accommodations.

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that defendant's motion to dismiss the indictment be **denied.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated:     October 21, 2005
           Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R. Civ.P. 72(b) and Local Rule 72.3(a)(3).[3]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. See e.g. *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Government and the Defendant.
**SO ORDERED.**

_____
Jonathan W. Feldman
United States Magistrate Judge

Dated: October 21, 2005
Rochester, New York

---

[3] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. §3161(h)(1)(f) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the ten days allowed for filing objections has elapsed. *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).