UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                          Plaintiff,

                                                                                          <u>DECISION AND ORDER</u>

                                                                                           03-CR-6142L

                                          v.

JOHN CRUZ,

                                          Defendant.
_____

       The Court referred all pretrial matters, including pretrial motions, to United States Magistrate Judge Jonathan W. Feldman pursuant to 28 U.S.C. § 636(b). Through his attorney, defendant John Cruz ("Cruz"), moved to suppress physical evidence obtained on February 1, 2001 and on April 9, 2004. Cruz also moved to suppress the identification testimony of several witnesses. Magistrate Judge Feldman conducted several suppression hearings and received written submissions from the parties.

       On December 15, 2006, Magistrate Judge Feldman issued a thorough Report and Recommendation. In that Report and Recommendation, the Magistrate Judge recommended that all motions be denied.

       Defendant duly filed an objection to Magistrate Judge Feldman's Report and Recommendation (Dkt. #331). Only one portion of the Report and Recommendation is objected to

by Cruz. Cruz contends that Magistrate Judge Feldman erred in determining that he lacked standing to challenge the search of a locked refrigerator, found in the basement at 54 Joseph Place on February 1, 2001. The Government has submitted a memorandum (Dkt. #334) in opposition to defendant's objection to the Report and Recommendation.

First of all, I have reviewed Magistrate Judge Feldman's Report and Recommendation concerning the challenged identification procedures and the search on April 9, 2004 at 54 Joseph Place which was conducted pursuant to a search warrant. As mentioned, defendant does not challenge either of those two recommendations. I have reviewed the prior pleadings, as well as Magistrate Judge Feldman's Report and Recommendation, and I agree that the motion to suppress physical evidence and identification testimony should be denied.

STANDING TO CHALLENGE SEARCH OF LOCKED REFRIGERATOR

Cruz claims that the Magistrate Judge erred in determining that he had no expectation of privacy in the basement area, and especially the locked refrigerator, at 54 Joseph Place, Rochester, New York on the date of the search, February 1, 2001.

The facts developed during the course of the suppression hearings are as follows: New York State Parole Officers proceeded to 54 Joseph Place in Rochester looking for parolee, Victor Capeles. Capeles' sister, Adelaide, who was also the defendant John Cruz' mother, directed the officer to her sister's home down the street at 40 Joseph Place where Capeles often stayed.

The officers found Capeles at that residence, which they searched and recovered a firearm and a quantity of marijuana. The officers then returned to 54 Joseph Place and, with the consent of

Adelaide, they found ammunition and a quantity of marijuana in a padlocked refrigerator in the basement.

Cruz submitted a supplemental affidavit concerning his relationship to the premises at 54 Joseph Place (Dkt. #159). Cruz admitted that he lived at 98 Harold Street with his girlfriend. He claimed, without dispute, that he owned the premises at 54 Joseph Place where the marijuana was found. He indicated in his affidavit that he leased the premises to his mother and another female and they paid him rent. Cruz claimed that he often visited 54 Joseph Place to visit his mother and that he kept some records, documents and money in a bedroom in the premises. He claimed that he was an occasional overnight guest at the premises, as well.

The Government did not dispute Cruz' standing as to the residential area at 54 Joseph Place, but the Government did contend, and the Magistrate Judge agreed, that Cruz had not demonstrated any expectation of privacy in the basement area and the locked refrigerator there. In fact, in his affidavit, Cruz never indicated any specific expectation of privacy in the basement and never mentioned the locked refrigerator where the marijuana was discovered.

Magistrate Judge Feldman discussed the standing issue in a thorough fashion in his Report and Recommendation. I agree with that assessment. The fact that Cruz allegedly owned the premises does not by itself justify a reasonable expectation of privacy. *Shamaeizadeh v. Cunigan*, 338 F.3d 535, 544 (6th Cir. 2003). It appears that Cruz was the landlord of 54 Joseph Place and, under those circumstances, his tenants, not the defendant, had an expectation of privacy in their leased premises.

Under these circumstances, it was incumbent on Cruz to demonstrate that, in spite of the fact that he had leased the premises to others, he took some affirmative steps to maintain a privacy

interest in the basement and especially in the locked refrigerator located there.  There was no evidence before the Magistrate Judge that Cruz took any such steps. The burden of establishing the existence of a reasonable expectation of privacy rests on the defendant. The Magistrate Judge found, and I agree, that Cruz did not demonstrate any expectation of privacy sufficient to contest the search of the basement refrigerator at 54 Joseph Place.  This case appears to be nothing more than the typical absentee-landlord situation.  Cruz has failed to demonstrate that this case is different, and that he did retain some expectation of privacy in the area searched.

## CONCLUSION

I accept and adopt the Report and Recommendation of United States Magistrate Judge Jonathan W. Feldman.  Defendant's motions to suppress evidence and identification testimony (Dkt. ## 125, 159, 194) are denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 21, 2007.